NO. 14-60238

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

THERESA DEGRUY, Administratrix Of The Estate of
Martha C. James, Deceased,

Plaintiff-Appellant

v.

DR. TARENCE WADE; DR. DENNIS WAYNE AUST,

Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

_____

BRIEF OF PLAINTIFF-APPELLANT
_____

ELLIS TURNAGE, MSB #8131
TURNAGE LAW OFFICE
108 North Pearman Avenue
Post Office Box 216
Cleveland, MS 38732
Tel: (662) 843-2811
Fax: (662) 843-6133
EMAIL: eturnage@etlawms.com
Attorney For Plaintiff-Appellant

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

THERESA DEGRUY, Administratrix Of The Estate of

Martha C. James, Deceased,

Plaintiff-Appellant

v.

DR. TARENCE WADE; DR. DENNIS WAYNE AUST,

Defendants-Appellees

_____

CERTIFICATE OF INTERESTED PERSONS

_____

The undersigned counsel of record for Theresa DeGruy certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal pursuant to Rule 28.2.1 pf tje United States Court of Appeals for the Fifth Circuit.

1.    Theresa DeGruy, Plaintiff-Appellant;

2.    Hon. Ellis Turnage, Counsel for Plaintiff-Appellant;

3.    Dr. Tarence Wafe, Defendant-Appelle;

4.      Dr. Dennis Wayne Aust, Defendant-Appellee;

5.      Hon. J. Michael Coleman, Counsel for Defendant-Appellees;

6.      Hon. M. Madison Taylor, Counsel for Defendant-Appellees;

7.      Senith C. Tipton, Counsel for Defendant-Appellees;

8.      Hon. Sharion A. Aycock, District Court Judge

<u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant believes that oral argument is not needed and will not materially assist the Court in resolving the issues and claims asserted in this appeal.

# TABLE OF CONTENTS

PAGE

CERTIFICATE OF INTERESTED PERSONS........................................................ii

STATEMENT REGARDING ORAL ARGUMENT..............................................iv

STATEMENT OF JURISDICTION.........................................................................1

STATEMENT OF THE ISSUES..............................................................................2

STATEMENT OF THE CASE..................................................................................2

STATEMENT OF THE FACTS................................................................................4

SUMMARY OF THE ARGUMENT........................................................................9

ARGUMENT

      1.     Standard of Review...........................................................................10

      2.     Whether The District Court Was Required To Consider The Rule 12(b)(1) Jurisdictional Challenge First Before Reaching The Question Of Failure To State A Claim Under 12(b)(6)?......................11

      3.     Fed. R. Civ. P. 15(a) Applied To Degruy's Motion To Amend The Judgment On The Pleadings And Not The Abuse Of Discretion Standard Under Rule 59....................................................................15

CONCLUSION.......................................................................................................20

CERTIFICATE OF SERVICE...............................................................................22

CERTIFICATE OF COMPLIANCE......................................................................23

## TABLE OF AUTHORITIES

CASES:                                                                PAGE

Aetna Cas. & Sur. Co. v. Iso–Tex, Inc.,
    75 F.3d 216, 218 (5th Cir.1996)................................................................9, 15

ANR Pipeline Co. V. La. Tax Comm'n,
    646 F. 3d 940, 946 (5th Cir. 2011)..................................................11

Ashcroft v. Iqbal,
    556 U.S. 662, 678(2009).................................................................13

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 555(2007).................................................................13

BP Exploration Libya Ltd. V. Exxon-Mobil Libya Ltd.,
    689 F. 3d 481, 490 (5th Cir. 2012)..................................................11

Ballew v. Continental Airline, Inc.,
    668 F.3d 777, 781 (5th Cir. 2012)..................................................11

Clark v. Tarrant Cnty.,
    798 F.2d 736, 741 (5th Cir.1986)..................................................12

Clark v. Amoco Prod. Co.,
    794 F.2d 967, 970 (5th Cir.1986)..................................................14

Coury v. Prot,
    85 F.3d 244, 248 (5th Cir.1996)....................................................14

Cutrer v. McMillan,
    308 F. App'x 819, 820 (5th Cir.2009)...........................................14

Cuvillier v. Taylor,
    503 F.3d 397, 401 (5th Cir.2007)..................................................13

Dussouy v. Gulf Coast Investment Corp.,
    660 F. 2d 594 (5th Cir. 1981)........................................................19

Ellis v. Liberty Life Assur. Co. of Boston,
    394 F.3d 262, 268 (5th Cir. 2004)...................................................16

Gonzalez v. Kay,
    577 F.3d 600, 603 (5th Cir.2009)...................................................14

Griggs v. Hinds Junior College,
    563 F. 2d at 179 (5th Cir.2009)......................................................20

Hitt v. City of Pasadena,
    561 F. 2d 606, 608 (5th Cir.1977)............................................9, 10,12, 15, 20

Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,
    143 F.3d 1006, 1010 (5th Cir.1998)....................................9, 12, 15

In Matter of Southmark, Corp.,
    88 F.3d 311 (1996)........................................................................16

In Re FEMA Trailer Formaldahyde Prods. Liab. Litig.,
    668 F. 3d 281, 289 (5th Cir. 2012)..................................................13

In Re Katrina Canal Breaches Litigation,
    495 F. 3d 191, 205 (5th Cir. 2007)..................................................11

Johnson v. City of Shelby, Mississippi,
    743 F. 3d 59, 61 (5th Cir. 2013)................................................11, 20

Kontrick v. Ryan,
    540 U.S. 443, 456(2004)...............................................................14

Lowrey v. Tex. A & M Univ. Sys.,
    117 F.3d 242, 247 (5th Cir.1997)...................................................14

Marathon Oil Co. v. Ruhrgas,
    145 F.3d 211, 220 (5th Cir. 1998).............................................9, 15

Mayeaux v. Louisiana Health Service & Indemnity Co.,
    376 F.3d 420, 427 (5th Cir.2004).............................................17, 18

McDonal v. Abbott Labs.,

408 F.3d 177, 182 (5th Cir.2005) ...............................................14

McDaniel v. United States,
    899 F. Supp. 305, 307 (E.D. Tex 1995).......................................10

Miller v. BAC Home Loans Servicing, L.P.,
    726 F. 3d 717, 721 (5th Cir. 2013).................................................11

Nowak v. Ironworkers Local 6 Pension Fund,
    81 F.3d 1182, 1187 2d Cir.1996)).............................................9, 15

Ramming v. United States,
    281 F.3d 158, 161 (5th Cir.2001).........................................10, 12

Rosenzweig v. Azurix Corp.,
    332 F. 3d 854(5th Cir. 2003) .................................................15, 18

Southern Constructors Group, Inc. V. Dynaelectric Co.,
    2 F. 3d 606, 611 (5th Cir. 1993).............................................11, 20

Spotts v. USA,
    613 F. 3d 559, 566-567, 573 (5th Cir. 2010).............................11, 13

Sullivan v. Leor Energy, LLC,
    600 F. 3d 542, 546 (5th Cir. 2010).................................................11

Whitaker v. City of Houston,
    963 F. 2d 831 (5th Cir. 1992)............................................15, 16, 18

Willoughby v. USA,
    730 F. 3d 476, 479 (5th Cir. 2001) .....................................11, 12, 13

STATUTES:

28 U.S.C § 1331 .............................................................................1

28 U.S.C § 1332 .......................................................................1, 6, 7

28 U.S.C. Section 1367 .............................................................1, 6, 7

42 U.S.C. Section 1983 ......................................................................2, 3, 4


RULES:

Fed. R. Civ. P. 8(a)(2)...............................................................14

Fed. R. Civ. P. 12(b)(1)....................................................14, 15, 20

Fed. R. Civ. P. 15(a) .................................3, 7, 10, 11, 15, 16, 17, 20, 21

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 14-60238

———————————————

THERESA DEGRUY, Administratrix Of The Estate of
Martha C. James, Deceased,

Plaintiff-Appellant

v.

DR. TARENCE WADE; DR. DENNIS WAYNE AUST,

Defendants-Appellees

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

———————————————

BRIEF OF PLAINTIFF-APPELLANT

———————————————

STATEMENT OF JURISDICTION

The basis for the district court's subject matter jurisdiction was 28 U.S.C §

1331 (federal question) and 28 U.S.C § 1332 (diversity) for claims arising under the

Fourteenth Amendment to the United States Constitution and 28 U.S.C. Section 1367

for DeGruy's pendent state law claims for medical negligence and wrongful death

against Dr. Wade and Dr. Aust.The district court's amended final judgment disposed

of all parties' claims within the meaning of 28 U.S.C. §1291 and was filed on March

26, 2014. ROA. 674. The notice of appeal was filed on March 31, 2014, five days later. ROA. 675.

This Court has jurisdiction of this appeal from the district court's June 25, 2013 order granting Dr. Aust and Dr. Wade's Rule 12(b)(6) motion to dismiss for failure to state a claim under 42 U.S.C. Section 1983 and the amended judgment entered on March 26, 2014, pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

The statement of issues on appeal emanating from the district court's March 26, 2014 amended judgment are:

1.  Whether The District Court Was Required To Consider The Rule 12(b)(1) Jurisdictional Challenge First Before Reaching The Question Of Failure To State A Claim Under Fed. R. Civ. P. 12(b)(6)?

2.  Whether Fed. R. Civ. P. Rule 15 Applied To Plaintiff's Motion To Amend The Judgment Entered On The Pleadings And Not The Abuse Of Discretion Standard Rule 59?

## STATEMENT OF THE CASE

On April 23, 2012, Theresa DeGruy(DeGruy) brought this civil action on behalf of the Estate of Martha James, deceased, asserting claims which arise out of alleged deliberate indifference to James's medical needs during her presentations to Grenada Lake Medical Center(GLMC) on February 20, 21 and 22, 2010. James died on February 22, 2012. Specifically, DeGruy averred that Dr. Aust and Dr. Wade were

2

liable for violation of decedent's Fourteenth Amendment rights through application of 42 U.S.C. § 1983, as well as medical malpractice under state tort law. DeGruy's claims for medical malpractice were brought pursuant to Mississippi Code § 15-1-36 (Rev. 2004).

By Memorandum Opinion and Order dated March 15, 2013, the district court held that "[b]ecause plaintiff is not entitled to any relief under 42 U.S.C. Section 1983 based on any set of facts or potential theory that is consistent with the allegations in her complaint," "defendants' motion to dismiss is granted." ROA. 208-217.

By Memorandum Opinion and Order dated June 25, 2013, the district court held that "[b]ecause plaintiff's federal law claims have been dismissed and the statutory and common law supplemental jurisdiction factors weigh in favor of declining jurisdiction defendants' motion to dismiss is granted." ROA. 583-588.

On July 18, 2013, DeGruy filed her Rule 59(e) motion to amend judgment and supporting memorandum of authorities asking the Court for leave so she could file a first amended complaint to assert Emergency Treatment and Labor Act (EMTALA) claims and denial of equal protection claims under the Fourteenth Amendment. ROA. 589-594.

Also, on July 18, 2013, DeGruy filed a motion for leave to amend under Rule 15(a) and a memorandum of authority seeking leave to file a first amended complaint;

by order filed July 22, 2013, the Magistrate Judge denied DeGruy's motion for leave to amend complaint, without prejudice. ROA. 595-607.

On August 1, 2013, Dr. Aust and Dr. Wade filed their response in opposition to DeGruys's Rule 59(e) motion to alter or amend judgment. ROA. 609-619.

On August 26, 2013, DeGruy filed her rebuttal to Dr. Aust and Wade's response in opposition to her motion to alter or amend judgment and attached her proposed first amended complaint setting forth EMTALA and denial of equal protection of law claims. ROA. 626-661.

On March 26, 2014, by memorandum opinion and order, the Court denied DeGruy's motion to alter or amend judgment and dismissed her federal claim with prejudice. ROA. 662-674. The district court's amended judgment constitutes and operates as a decision on the merits which bars DeGruy from refiling her federal claims in any court, even though the district court concurrently determined it lacked subject matter jurisdiction under Rule 12(b)(1).

Feeling aggreieved, on March 31, 2014, DeGruy filed her notice of appeal. ROA. 675.

## STATEMENT OF THE FACTS

On April 23, 2012, DeGruy filed suit against Dr. Aust and Dr. Wade alleging a federal claim under 42 U.S.C. § 1983 based on their alleged "deliberate indifference to decedent's serious medical needs on February 20,21, and 22, 2010 under the

Fourteenth Amendment to the United States Constitution" and a state law based claims for medical negligence and wrongful death.  ROA. 12-28.

On July 30, 2012, Dr. Aust filed his answer and Rule 12(b)(6) motion to dismiss and memorandum of authorities asserting a lack of state action.  ROA. 39-77.

On August 13, 2012, Dr. Wade joined Dr. Aust's motion to dismiss.  ROA. 81-95.

On August 27, 2012, DeGruy filed a response in opposition to Dr. Aust's motion to dismiss and memorandum of authorities asserting the presence of state action, due to the governmental ownership of GLMC, a community hospital, by Grenada County, Mississippi and Dr. Aust and Dr. Wade's alleged  deliberate indifference to the decedent's serious medical needs on her repeated emergency department visits on February 20, 21 and 22, 2010.  ROA. 102-116.

On August 31, 2012, Dr. Aust and Dr. Wade filed their joint reply to DeGruy's response in opposition to their motion to dismiss urging the district court to dismiss the federal law claims under Rule 12(b)(6).  ROA. 120-126.

On March 15, 2013, the district court filed its memorandum opinion and  order granting Dr. Aust and Dr. Wade's Rule 12(b)(6) motion to dismiss based  on the absence of state actors who acted under the color of law.  ROA. 208-217.

On March 27, 2013, pursuant to Rule 7(b), Dr. Aust and Dr. Wade filed their joint motion for the Court to dismiss DeGruy's "pendent state law claim" without prejudice under 28 U.S.C. Section 1367.  ROA. 218-224.

On May 15, 2013, Dr. Aust and Dr. Wade filed their motion for a continuance of the discovery deadline and the pre-trial motion filing deadline in order to take expert depositions of Dr. Ralph N. Terpolilli (emergency medicine), Dr. Robert M. Stark (cardiology) and Dr. Steven Hayne (pathology).  Dr. Aust and Dr. Wade also requested additional time to depose Fannie Kincaide, Gloria Robinson and Curtis Hardy.  ROA. 255-257.

On May 16, 2013, the district court filed its order directing the parties to provide additional briefing on the existence of the Court's subject matter jurisdiction under 28 U.S.C. § 1332.  ROA. 67.

On May 23, 2013, the district court filed its Order On The Motion To Continue and granted the parties additional time to and including June 12, 2013 to conduct additional discovery and extended the motion filing deadline to June 26, 2013.  ROA. 446.

On May 24, 2013, Dr. Aust and Dr. Wade filed their supplemental motion to dismiss for lack of diversity jurisdiction and the affidavit of Dr. Wade stating he was a Mississippi resident and not a Tennessee resident as alleged in plaintiff's complaint.  ROA. 448-453.

On June 7, 2013, Dr. Aust and Dr. Wade's legal counsel took the depositions of Vanessa Cooper, Fannie Kincaide and Gloria Robinson; on June 4, 2013, the deposition of Dr. Ralph Terpolilli (emergency medicine) in San Antonio, Texas was taken; and on June 11, 2013, the deposition of Dr. Robert M. Stark (cardiology) in Greenwich, Connecticut was taken.  ROA. 461-473.

On June 25, 2013, before the expiration of the June 26, 2013 extended motion filing deadline, the district court filed its memorandum opinion and order finding DeGruy had failed to establish diversity jurisdiction under 28 U.S.C. § 1332 and declined to exercise supplemental jurisdiction under 28 U.S.C. 1367.  ROA. 583-584. Moreover, the district court dismissed DeGruy's federal claims, with full prejudice.

On July 18, 2013, DeGruy filed a Rule 59(e) motion to alter or amend and a supporting memorandum of authorities asserting Rule 15(a)'s standard for leave to amend applied, since the district court's Rule 12(b)(6) dismissal was on the pleadings. ROA. 589-594.

On July 18, 2013, DeGruy filed her motion for leave to file a first amended complaint to assert EMTALA claims and Fourteenth Amendment equal protection claims for Dr. Aust and Dr. Wade's refusal to admit the decedent to GLMC for psychiatric care because the decedent was a Medicaid beneficiary and did not have private health insurance coverage.  ROA. 595-607.

7

On July 22, 2013, the Magistrate Judge entered an order denying plaintiff's motion for leave to amend complaint without prejudice to refile should the district court reopen the case. (Doc. 103)

On August 1, 2013, Dr. Aust and Dr. Wade filed their response in opposition to DeGruy's motion to alter or amend judgment and motion for leave to amend. ROA. 609-619.

On August 26, 2013, DeGruy filed her rebuttal to Dr. Aust and Dr. Wade's response in opposition to her motion to alter or amend judgment and attached her proposed first amended complaint asserting EMTALA and equal protection claims under federal law.  ROA. 626-661.

The expert depositions and the lay witness depositions taken on June 7, 2013 revealed facts which support DeGruy's proposed EMTALA transfer and dumping claims and her denial of equal protection claim. The decedent was brought to the GLMC emergency department on February 20,21 and 22, 2010 with a history of psychiatric issues documented in the GLMC emergency department charts, but the decedent was denied admission to the GLMC psychiatric ward solely because she was a medicaid recipient and did not have private health insurance coverage.

On March 26, 2014, the district court's memorandum opinion and order denying DeGruy's motion to alter and amend the district court's judgment were filed. ROA. 662-674.

On March 31, 2014, Degruy filed her notice of appeal to this Court. ROA. 675.

SUMMARY OF ARGUMENT

In this case, after Dr. Wade filed his affidavit asserting he was a Mississippi resident, the district court concluded it lacked subject matter jurisdiction, but nonetheless dismissed DeGruy's federal claims with prejudice.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the subject matter jurisdiction of the district court. See FED.R.CIV.P. 12(b)(1). Subject matter jurisdiction must be ascertained before the court addresses other grounds for dismissal raised by the defendant. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 220 (5th Cir.), cert. granted, 525 U .S. 1039, 119 S.Ct. 589, 142 L.Ed.2d 532 (1998); Aetna Cas. & Sur. Co. v. Iso–Tex, Inc., 75 F.3d 216, 218 (5th Cir.1996). The court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in a court that has proper jurisdiction. See Hitt v. Pasadena, 561 F.2d 606 608 (5th Cir.1977)." 'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.' " Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting Nowak v. Ironworkers Local Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996)).

9

The burden of proof rests with the party asserting jurisdiction. <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir.2001) (citing <u>McDaniel v. United States</u>, 899 F.Supp. 305, 307 (E.D.Tex.1995).When a court is presented with a 12(b)(1) motion in conjunction with another Rule 12 motion, the court should consider the 12(b)(1) motion first before addressing any motion on the merits. <u>Hitt v. City of Pasadena</u>, 561 F. 2d 606, 608 ( 5th Cir. 1977) (per curiam). This prevents a court from prematurely dismissing a case with prejudice. <u>Id</u>. The court's dismissal based on Rule 12(b)(1) is not a determination on the merits of a lawsuit. <u>Id</u>. This dismissal does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. <u>Id</u>.

Rather than dismissing DeGruy's federal claims with prejudice, under the facts and circumstances of this case and pursuant to Rule 15(a), the district court should have granted DeGruy leave of court to file a first amended complaint, since the court dismissed her federal claims on the pleadings and not after summary judgment or a trial on the merit. The district court committed reversible error and this civil action should be remanded with instructions to grant leave of court under Rule 15(a).

A. <u>LEGAL ARGUMENTS</u>

1. <u>Standard of Review</u>

A district court's grant of a motion to dismiss for lack of subject matter jurisdiction is reviewed de novo, applying the same standard as the district court.

ANR Pipeline Co. V. La. Tax Comm'n, 646 F. 3d 940, 946 (5th Cir. 2011); In Re

Katrina Canal Breaches Litigation, 495 F. 3d 191, 205 (5th Cir. 2007); Ballew v.

Continental Airline, Inc., 668 F. 3d 777, 781 (5th Cir. 2012); Willoughby v. USA, 730

F. 3d 476, 479 (5th Cir. 2013); Spotts v. USA, 613 F. 3d 559, 566-567, 573 (5th Cir.

2010).

A district court's Rule 12(b)(6) dismissal for failure to state a claim de novo,

"accepting all well-pleaded facts as true and viewing those facts in the light most

favorable to the plaintiff." Sullivan v. Leor Energy, LLC, 600 F. 3d 542, 546 (5th Cir.

2010); BP Exploration Libya Ltd. V. Exxon-Mobil Libya Ltd., 689 F. 3d 481, 490 (5th

Cir. 2012); Miller v. BAC Home Loans Servicing, L.P., 726 F. 3d 717, 721 (5th Cir.

2013).

Fed. R. Civ. P. 15(a) applies to a motion for leave to amend a judgment on the

pleadings and not the abuse of discretion standard under Rule 59. Southern

Construction Group, Inc. V. Dynaelectric Co., 2 F. 3d 606, 611 (5th Cir. 1993);

Johnson v. City of Shelby, Miss., 743 F. 3d 59, 61 n.2 (5th Cir. 2013).

> 2.     Whether The District Court Was Required To
> Consider The Rule 12(b)(1) Jurisdictional Challenge
> First Before Reaching The Question Of Failure To
> State A Claim Under 12(b)(6)?

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the

dismissal of an action where the court finds that it does not have subject matter

jurisdiction. Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule

12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Willoughby, 730 F. 3d at 479; Ramming v. United States, 281 F.3d at 161 (5th Cir.2001) (citing Hitt v. City of Pasadena, 561 F. 2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground ... without reaching the question of failure to state a claim")). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." Id. at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. Hitt, 561 F. 2d at 608.

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant Cnty., 798 F.2d 736, 741 (5th Cir.1986) (citing Williamson v. Tucker, 645

F.2d 404, 413 (5th Cir.1981)). In this case, Dr. Aust and Dr. Wade attacked the court's subject matter jurisdiction; therefore, plaintiff has the burden of proving by a preponderance of the evidence that the trial court possesses the requisite jurisdiction. Willoughby, 730 F. 3d at 479; In Re FEMA Trailer Formaldahyde Prods. Liab. Litig., 668 F. 3d 281, 289 (5th Cir. 2012); Spotts v. United States, 613 F. 3d 559, 566-67 (5th Cir. 2010).

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). As the Fifth Circuit has explained, factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007). The Supreme Court expounded upon the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678(quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but

it has not shown n that the pleader is entitled to relief.  Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). (internal citations and quotations omitted).  Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir.2009).

In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey v. Robinson, 197 F.3d 772, 774 (5th Cir. 1999); Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir.1997).  Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.  Cutrer v. McMillan, 308 F. App'x 819, 820 (5th Cir.2009) (quoting Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir.1986)).

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes.  Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996). If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. See Fed.R.Civ.P. 12(b)(1). The lack of subject matter jurisdiction may be raised at any time during the pendency of the case by any party or by the court. See Kontrick v. Ryan, 540 U.S. 443, 456(2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); McDonal v. Abbott Labs., 408 F.3d 177, 182 n. 5 (5th Cir.2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte.").

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenge the subject matter jurisdiction of the district court. See Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction must be ascertained before the court addresses other grounds for dismissal raised by the defendant. Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 220 (5th Cir.), cert. granted, 525 U .S. 1039,(1998); Aetna Cas. & Sur. Co. v. Iso–Tex, Inc., 75 F.3d 216, 218 (5th Cir.1996). The court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in a court that has proper jurisdiction. See Hitt, 561 F.2d at 608.  A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  Home Builders, 143 F.3d at 1010 (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996)). The district should have vacated its order granting the  judgment on the pleadings and afforded DeGruy leave to amend under Rule 15(a).

> 3.    Fed. R. Civ. P. 15 Applied To Degruy's Motion To Amend The Judgment On The Pleadings And Not The Abuse Of Discretion Standard Under Rule 59

In Rosenzweig v. Azurix Corp., 332 F. 3d 854(5th Cir. 2003) the Fifth Circuit explained that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." Id. at 864(citing Whitaker v. City of Houston, 963 F. 2d 831 (5th

Cir. 1992). In <u>Whitaker v. City of Houston</u>, 963 F. 2d 831 (5th Cir. 1992), the Fifth

Circuit clarified that "[a] district court's dismissal of the complaint constitutes

dismissal of the action when it states or clearly indicates that no amendment is

possible—e.g., when the complaint is dismissed with prejudice or with express denial

of leave to amend." <u>Id.</u> at 835. In such circumstances or when the district court

expressly enters a final judgment dismissing the action, "a plaintiff may request leave

to amend only by either appealing the judgment, or seeking to alter or reopen the

judgment under Rule 59 or 60."

Leave to amend pleadings, under Rule 15(a), "shall be freely given when

justice so requires." A district court's decision to grant or deny leave to amend a

complaint is reviewed for abuse of discretion. <u>Ellis v. Liberty Life Assur. Co. of

Boston</u>, 394 F.3d 262, 268 (2004). Generally, district courts consider the following

factors in deciding whether to grant leave to amend: "(1) undue delay; (2) bad faith;

(3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies

by any previously allowed amendment; (5) undue prejudice to the opposing party; and

(6) futility of amendment." <u>Id</u>. <u>In Matter of Southmark, Corp.</u>,88 F.3d 311 (1996), the

Fifth Circuit explained that "[a]lthough Rule 15 evinces a bias in favor of granting

leave to amend, it is not automatic," <u>Id</u>. at 315 (internal quotations omitted) and leave

to amend may be denied if there is a "substantial reason to do so." <u>Id</u>.  In this case, the

district court concluded DeGruy was non-diligent and took too long to request leave under Rule 15(a).

In <u>Mayeaux v. Louisiana Health Service & Indemnity Co.</u>,376 F.3d 420, 427 (5th Cir.2004), the Fifth Circuit reiterated that <u>delay</u> alone is an insufficient basis to deny leave to amend; "the delay must be undue, i.e. it must prejudice the nonmoving party or impose unwarranted burdens on the court." <u>Id</u>. (emphasis ours).   The Fifth Circuit further elaborated that "when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts of appeal are less likely to find an abuse of discretion due to the prejudice involved." <u>Id.</u> (internal citations omitted).  On May 16, 2013 the district court's order specifically granted the parties additional time to and including June 12, 2013 to conduct additional discovery including expert and lay witness depositions and to June 26, 2013 to file dispositive motions. ROA. 436

After the entry of the district court's May 16, 2013 Order extending deadlines, on June 4, 2013, the parties took the deposition of Dr. Ralph N. Terpolilli (emergency medicine) in San Antonio, Texas and the deposition of Dr. Robert M. Stark (cardiology) in Greenwich, Connecticut on June 11, 2013.  Moreover, pursuant to the district court's May 23, 2013 Order extending deadlines, the parties took the lay depositions of Vanessa Cooper, Fannie Kincaide and Gloria Robinson on June 7,

2013 in Grenada, Mississippi. The depositions and the receipt of GLMC hospital and EMTALA policies provided the fact basis for DeGruy's first amended complaint.

Under the district court's May 23, 2013 Order extending discovery and filing deadlines, ROA. 446-447, the discovery deadline was extended to June 12, 2013; the dispositive motion deadline was extended to June 26, 2013; and the in limine motion deadline was extended to August 8, 2013.

In <u>Mayeaux</u>, the Fifth Circuit upheld the district court's denial of leave to amend, reasoning that the proposed amendment would unduly prejudice the original defendant and the new defendant, whom the plaintiffs proposed to add to the suit, by allowing the plaintiffs to plead a fundamentally different case with new causes of action and different parties after the case was pending in the district court for years and was nearing the close of extensive discovery. <u>Id</u>.

In <u>Rosenzweig</u>, the Fifth Circuit affirmed the district court's denial of leave to amend when the plaintiff did not exercise diligence <u>by failing to raise facts available prior to issuance of the district court's dismissal</u>, the motion to amend did not present new information, and the new allegations were supported only by conclusory statements made in newspaper articles. 332 F.3d at 865. Likewise, in <u>Whitaker</u>, the Fifth Circuit found that the district court did not abuse its discretion in denying leave to amend on grounds of lack of due diligence. 963 F.2d at 837. There, the plaintiff repeatedly failed to furnish materials to support his race discrimination claim,

requested leave to amend thirty days after the court granted the defendant's motion to dismiss, and thereafter, waited an additional month before producing the amended complaint he sought permission to file. Id. at 836–37.

In contrast, in Dussouy v. Gulf Coast Investment Corp., 660 F. 2d 594(5th Cir. 1981), the Fifth Circuit held that the trial court abused its discretion in denying the plaintiff's motion to amend, which was proposed after dismissal of a defendant at the pretrial conference and one week before the trial date. Id. at 598. The Fifth Circuit noted that the plaintiff moved to amend within a reasonable time after the dismissal of a defendant necessitated amendment, and promptly upon the trial court's decision that the pleadings were defective. Id. The fact that the pleadings were defective as a result of the plaintiff's voluntary dismissal of the allegations of conspiracy against that defendant indicated the plaintiff's good faith. Id. Although the plaintiff was aware of the facts he sought to include throughout the litigation, he was not aware that those facts were necessary to his claim. Id. The deficiency of the complaint arose, not from the plaintiff's failure to cure deficiencies by previous amendments, but from his changed theory of the case based upon discovery. Id. The Fifth Circuit found that the defendant would not be prejudiced by the amendment because the challenged conduct of the defendant was essentially the same as that challenged in the initial pleading. Id.

In <u>Southern Constructors Group, Inc. v. Dynaelectric Co.</u>, 2 F. 3d 606, 611 (5th Cir. 1993), the Fifth Circuit held that the Rule 15 standards apply when a judgment has been entered on the pleadings rather than after a judgment under Rule 56 or after a trial. <u>Cf</u>. <u>Griggs v. Hinds Junior College</u>, 563 F. 2d at 179 (5th Cir. 1977)(per curiam)granting leave to amend is especially appropriate when the trial court has dismissed the complaint for failure to state a claim under Rule 12(b)(6); <u>Dussoy</u>, 660 F. 2d at 598 n.2; <u>Johnson v. City of Shelby, Mississippi</u>, 743 F. 3d 59, 61 f.n. 2 (5th Cir. 2013). Since plaintiff's claims were dismissed on the pleadings, the district court should have allowed her an opportunity to amend under Rule 15(a). Moreover, the district court dismissed DeGruy's federal claims on the merits, even though the district court found it lacked subject matter jurisdiction. The district court's decision was clearly erroneous and should be vacated. <u>Hitt</u>, 561 F. 2d at 608 (where dismissal under Rule 12(b)(1) is appropriate, plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made).

## Conclusion

For the foregoing reasons, and on the basis of the authorities cited, the district court's decision should be reversed and the case remanded for further proceedings to permit DeGruy leave of court under Rule 15(a) to file a first amended complaint to add EMTALA and equal protection federal law claims.

Respectfully Submitted,


THERESA DEGRUY, Administratrix of the Estate of Martha C. James, deceased


*S/Ellis Turnage*

ELLIS TURNAGE
Post Office Box 216
108 North Pearman Avenue
Cleveland,Mississippi 38732
(662) 843-2811
Attorneys for Plaintiff-Appellant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2014, I electronically filed the foregoing Brief of Plaintiff-Appellant for Theresa DeGruy with the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Ellis Turnage*

ELLIS TURNAGE
Attorney

<u>CERTIFICATE OF COMPLIANCE</u>

I certify, pursuant to Federal Rule of Apellate Procedure 32(a)(7)(C), that the attached Brief for Theresa DeGruy as Appellant:

(1)     contains 5943 words

(2)complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word 2007, in 14 point Times New Roman font; and,

(3) has been scanned for viruses using Trend Micro Office Scan (version 8.0) and is free from viruses.

<u>*s/ Ellis Turnage*</u>
ELLIS TURNAGE
Attorney

Date: July 3, 2014